IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAY ANTHONY, Individually and as
Assignee of Clarence Bishop, and JAMIE ANTHONY,

    Plaintiffs,

v.                                                                                                        Civ. No. 06-544 RLP/RHS

TEXACO EXPLORATION AND PRODUCTION,
INC., *et al.*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendants' Motion to Drop Defendants for Improper Joinder, to Dismiss Claims for Damage to Aquifer, and to Dismiss Public Nuisance Claim. The Court held a hearing on this matter on November 9, 2006 and has reviewed the parties' submissions. For the reasons set forth below, the Motion is denied.

This is a diversity action, brought pursuant to 28 U.S.C. § 1332(a)(1). Plaintiffs are the surface interest owners and operators of the Anthony Ranch in Lea County, New Mexico (the "Ranch") and Plaintiff Jay Anthony is the assignee of all claims and causes of action of Clarene Bishop against Defendant Texaco Exploration and Production, Inc. (the "Bishop property"). Since 1929 one or more of the Defendants have undertaken oil and gas operations on the Ranch. Plaintiffs allege that all Defendants, through their day to day operations over this time, have caused or failed to prevent significant damage to the surface and subsurface soils with the cumulative effect that Plaintiffs are unable to use their property for cattle ranching. Plaintiffs also allege that the aquifer has been contaminated over time by Defendants' actions or failures to act. They allege horizontal

and vertical migration of contaminants over a period of years and allege the contamination continues to this date to the surface and subsurface soils and the aquifer.

Defendants' advance three arguments. First, pursuant to Fed.R.Civ.P. 20(a), they contend that because each Defendant operated discrete portions of the Ranch and the Bishop property (or, if operating on the same portion, at different time periods), they are not properly joined as Defendants and Plaintiffs should pursue lawsuits against them individually. Second, they argue there is no evidence of aquifer contamination and, in any event, Plaintiffs do not "own" the aquifer and therefore have no standing to bring that claim. Finally, Defendants argue that pursuant to Fed.R.Civ.P. 12(b)(6), Plaintiffs' public nuisance claim should be dismissed as a matter of law.

## Improper Joinder

Federal Rule of Civil Procedure 20(a) provides that all "persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."

As stated by one authority,

> [t]he transaction and common-question requirements prescribed by Rule 20(a) are not rigid tests. They are flexible concepts used by the courts to implement the purpose of Rule 20 and therefore are to be read as broadly as possible whenever doing so is likely to promote judicial economy. This approach seems sound inasmuch as no difficulty is likely to result from the joinder of even marginally related parties at the pleading stage.

C. Wright, A. Miller & M. Kane, 7 Federal Practice & Procedure § 1653 at 415-17 (3d ed. 2001).

The commentators further note that "language in a number of decisions suggests that the courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court." *Id.* at 411-12.

At this juncture, the Court sees no reason to drop any Defendant as requested by Defendants' Motion.

## Damage to Aquifer

Defendants' arguments may be summarized thus: all water in New Mexico is owned by the state and, although a landowner may establish a right to beneficial use, Plaintiffs herein have not done so. Therefore, Plaintiffs lack standing to bring this claim. Defendants also argue that Plaintiffs have not shown damage to the aquifer.

These arguments involve evidentiary matters and are not properly brought at this time in the case. It may well be that Defendants will prevail on these claims, but this motion is premature.

## Public Nuisance

Defendants move for dismissal of the public nuisance claim pursuant to Fed.R.Civ.P. 12(b)(6), arguing that under no statement of facts can Plaintiffs prevail on this claim. A public nuisance requires injury to the public as a whole. *City of Albuquerque v. State ex rel. Village of Los Ranchos*, 808 P.2d 58, 61 (N.M. Ct. App. 1991), *cert. denied*,

828 P.2d 957 (N.M. 1992).  Polluting public water is a public nuisance.  NMSA (1978) § 30-8-2.  Because at this point in the litigation we do not know if in fact the aquifer is polluted and do not know whether that aquifer could pollute groundwater that serves some public use or benefit, the Court finds that the motion to dismiss this claim is premature.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Drop Defendants for Improper Joinder, to Dismiss Claims for Damage to Aquifer, and to Dismiss Public Nuisance Claim [Doc. 16] is denied.

**IT IS SO ORDERED.**

Richard L. Puglisi
United States Magistrate Judge